**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | Civil Action No.: __2:18cv516__ |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **COMPLAINT AND JURY TRIAL DEMAND** |
| **CHENMED, LLC.,** | ) ) | |
| **Defendant,** | ) ) | |
| **And** | ) ) | |
| **PMR VIRGINIA HOLDING, LLC,** | ) ) | |
| **Defendant.** | ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Trudy Jelderks ("Jelderks"), who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that Defendants ChenMed, LLC and PMR Virginia Holding, LLC (collectively "Defendants") violated the ADA when they terminated Jelderks because of her disability and/or discharged her in retaliation for her opposition to employment practices made unlawful by the ADA.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA,

42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia, Norfolk Division.

<u>PARTIES</u>

3.      Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant ChenMed, LLC ("ChenMed"), a Delaware corporation, has continuously been doing business in the Commonwealth of Virginia and the City of Norfolk.  At all relevant times, ChenMed has continuously had at least 15 employees.

5.      At all relevant times, ChenMed has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant ChenMed has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.      At all relevant times, Defendant PMR Virginia Holding, LLC ("PMR Virginia"), a Delaware corporation, has continuously been doing business in the Commonwealth of Virginia and the City of Norfolk.  At all relevant times, PMR Virginia has continuously had at least 15

employees.

8.      At all relevant times, PMR Virginia has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

9.      At all relevant times, Defendant PMR Virginia has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## CONDITIONS PRECEDENT

10.     More than thirty days prior to the institution of this lawsuit, Jelderks filed a charge with the Commission alleging violations of the ADA by PMR Virginia.

11.     On January 26, 2018, the Commission issued to Defendants a Determination finding reasonable cause to believe that the ADA was violated by both Defendants, and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

12.     The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Determination.

13.     On April 5, 2018, the Commission held a conciliation conference with Defendants.

14.     The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

15.     On May 5, 2018, the Commission issued a Notice of Failure of Conciliation.

16.     All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

17.     As described more fully below, from on or about August 29, 2014 through at least

3

January 7, 2015, Defendants engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(a).  Such employment practices culminated in the termination of Jelderks' employment, because of her disability and/or in retaliation for her opposition to employment practices she believed to be violations of the ADA.

18.     Jelderks is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  During her employment, Jelderks had an impairment, colon cancer, that substantially limited a major life activity, specifically, normal cell growth. Although Jelderks was declared cancer free in December 2014, her cancer treatment left her with permanent damage that substantially limits a major bodily system, specifically the digestive system.

19.     Jelderks began working for Defendants as a Market Sales Manager ("MSM") on or about August 7, 2013.  At all relevant times, Jelderks was assigned Defendants' Tidewater Virginia market.

20.      At all relevant times, Jelderks was qualified to perform the essential functions of the MSM position.

21.     In or around June 2014, the Richmond, Virginia market was also assigned to Jelderks.

22.     In June 2014, Jelders submitted her resignation to Defendant.

23.     On or about July 3, 2014, Defendants offered Jelderks an employment contract for the period from July 1, 2014 through February 1, 2015.  Jelderks accepted the contract and withdrew her resignation.  Jelderks was the only MSM to have an employment contract.

24.     On or about August 21, 2014, Jelderks informed Defendants that she had colon cancer.

25.     On or about August 29, 2014, Defendants removed the Richmond, Virginia market

4

from Jelderks' responsibility.

26.     Around the end of October 2014, Jelderks was hospitalized for five days in relation to her colon cancer.

27.     During Jelderks hospitalization, ChenMed's Chief Medical Officer ("CMO") called Jelderks on the telephone.

28.     During the above-referenced phone call, the CMO pressured Jelderks to voluntarily give up her MSM duties.  The CMO told Jelderks that she might have to miss more time from work due to unforeseen circumstances. Jelderks interpreted the "unforeseen circumstances" to mean her cancer.  Jelderks refused to give up her duties or her MSM position.

29.     In or around November 2014, Defendants announced a change to the MSM sales commission structure.

30.     On or about November 19, 2014, Jelderks made a complaint to the Human Resources office about the CMO's treatment of her.

31.     On November 25, 2014, Jelderks spoke with the Manager of Employee Compliance about her complaint, and specifically stated the CMO's phone call when she was hospitalized was illegal.

32.     On or about December 3, 2014, Jelderks spoke with the CMO and the Chief Administrative & Operations Officer ("CAOO") by telephone.  During the telephone call, Jelderks stated it was illegal for the CMO to call her when she was hospitalized and attempt to push Jelderks out of her position because she had cancer.

33.     During the December 3, 2014 telephone call, the CMO admitted he wanted to decrease Jelderks' job duties because of her health.  The CMO also stated that his desire to decrease Jelderks' job duties had nothing to do with Jelderks' ability to perform her duties.

34.     On January 7, 2015, Defendants terminated Jelderks' employment.

35.     At the time of her termination, the CMO told Jelderks that her termination was because Defendants were restructuring the sales model.

36.     Jelderks was the only MSM terminated as a part of Defendants' restructuring.

37.     Defendants did not eliminate the Tidewater MSM position previously held by Jelderks.

38.     In or around March 2015, Defendants advertised a vacancy for the Tidewater MSM position previously held by Jelderks.

39.     Defendants terminated Jelderks because of her disability, colon cancer, in violation of the ADA and/or in retaliation for Jelderks opposition to conduct made unlawful under the ADA.

40.     The effect of the practices complained of above has been to deprive Jelderks of equal employment opportunities and otherwise adversely affect her status as an employee.

41.     The unlawful employment practices complained of above were intentional and done with malice or with reckless indifference to the federally protected rights of Jelderks.

42.     The effects of the practices complained of above have been to inflict emotional pain, suffering, and inconvenience upon Jelderks and deprive her of the financial and other benefits of working for Defendants.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendants, their officers, agents, successors, assigns, employees, and all persons in active concert or participation with Defendants, from discriminating on the basis of disability, including discharging of employees because of a disability, and from retaliating against employees who have opposed practices made unlawful by ADA, who have participated in a proceeding under the ADA by filing a charge of discrimination

6

with the Commission, or who have otherwise engaged in protected activity under ADA.

B.      Order Defendants to amend their employment policies and practices to accord with Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008.

C.      Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices.

D.      Order Defendants to make Trudy Jelderks whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Jelderks or front pay in lieu thereof.

E.      Order Defendants to make Trudy Jelderks whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial.

F.      Order Defendants to make Trudy Jelderks whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and loss of civil rights, in amounts to be determined at trial.

G.      Order Defendants to pay Trudy Jelderks punitive damages for their malicious and reckless conduct, as described above, in amounts to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 27th day of September, 2018.

Respectfully submitted:

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, NE
Washington, DC 20507

/s/ *Lynette A. Barnes*
LYNETTE A. BARNES (N.C. Bar No. 19732)
Regional Attorney

KARA GIBBON HADEN (VSB 39682)
Supervisory Trial Attorney

/s/Amy E. Garber
AMY E. GARBER (VSB 37336)
Senior Trial Attorney
**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
Norfolk Local Office
200 Granby St., Suite 739
Norfolk, Virginia 23510
Telephone: (757) 441-3134
Facsimile: (757) 441-6720
Email: amy.garber@gmail.com

**ATTORNEYS FOR PLAINTIFF**